WOLF & SON v. THE INDEPENDENT SCHOOL DISTRICT, ETC.

1. **School District: ORDER: LIGHTNING-ROD.** *Prima facie* an order drawn upon the treasurer of a school district for payment for a lightning-rod out of the contingent fund is invalid, an expenditure for that purpose not being indispensable to the operation of the school.

*Appeal from Butler Circuit Court.*

FRIDAY, JUNE 13.

THIS action was brought before a justice of the peace upon an order of the defendant as follows:

"$15.00.    INDEPENDENT DISTRICT OF PLEASANT VALLEY,
    WEST POINT TP., BUTLER CO., IOWA, JUNE 15, 1877.

"*D. H. Wagner, Treasurer of said District:*

"Pay Caldwell & Rawson, or order, the sum of fifteen dollars out of the contingent fund in said district, for the erection of a lightning-rod on school-house.

"S. B. MYRICK, Pres't."

Countersigned by "CHARLES THOMPSON, Secretary."

Indorsed, "CALDWELL & RAWSON."

The defendant made oral answer "that said order was not legally issued by authority of said district; that the same was procured by fraud and deceit on the part of Caldwell & Rawson, and that it was issued, if at all, without authority of or by said district." Judgment was rendered for the plaintiff. The defendant appealed to the Circuit Court, and the cause

was there tried upon the issues made before the justice of the peace.

Upon the trial the plaintiff offered the order in evidence. The defendant objected on the following grounds:

"1. Because it is not a negotiable instrument, and is not a subject of transfer by indorsement, and it is not shown that the legal title of Caldwell & Rawson has been transferred to the plaintiff.

"2. The order is incompetent to be recognized in evidence until it is shown that it was issued pursuant to a vote of the electors of the district, and for some lawful purpose falling within the expenditures that the statute permits the district to make.

"3. It appears upon its face to be issued for a purpose outside of and not contemplated by the statute."

The court sustained the objection, took the case from the jury, and rendered judgment for defendant for costs. The judge signed the following certificate for appeal:

"It is hereby certified that this cause involves the determination of questions of law upon which it is desirable to have the opinion of the Supreme Court, which questions are as follows, to-wit:

"1. As to whether or not the plaintiffs in the case could introduce in evidence the order upon which suit is brought, without proof of the authority on the part of the defendant to issue the same.

"2. Whether plaintiffs have a right to recover on the order without proof that defendant's board of directors authorized or directed its issuance."

The plaintiffs appeal.

*Hemenway, Polk & Thorp* and *N. T. Johnson,* for appellants.

*Wm. V. Allen* and *D. F. Ellsworth,* for appellee.

DAY, J.—The order in question is drawn upon the contin-

gent fund for the erection of a lightning-rod on the school-

1. SCHOOL DISTRICT ORDER: lightning-rod.

house. Section 1748 of the Code provides: "The money collected by district tax for the erection of school-houses, and for the payment of debts contracted for the same, shall be called the school-house fund; that designed for rent, fuel, repairs, and all other contingent expenses necessary for keeping the schools in operation, the contingent fund."

Section 1729 of the Code provides: "They (the board of directors of any district township or independent district) may use any unappropriated contingent fund in the treasury to purchase records, dictionaries, maps, charts, and apparatus for the use of the schools of their districts, but shall contract no debts for this purpose." These sections specify the only purposes to which the contingent fund may be applied. There is no specific designation that would authorize the appropriation of it for the erection of a lightning-rod. If the erection of a lightning-rod is authorized at all, out of the contingent fund, it must be by that general clause, "*all other* contingent expenses necessary for keeping the schools in operation." The word necessary means "indispensably requisite; that cannot be otherwise without preventing the purpose intended." Now, while lightning-rods upon a school building may be very desirable, and may greatly promote the safety of the building and the security of its inmates, still it is evident that they are not indispensably requisite for keeping the schools in operation, since many schools are conducted successfully without them. Lightning-rods, when erected, constitute a part of the building. They may easily be embraced in the estimates for erecting the building, and paid for out of the school-house fund. *Prima facie*, the order in question, drawn upon the contingent fund for the erection of a lightning-rod, is invalid. If any fact existed which does not appear upon the face of the order, as that it was issued to supply the place of a lightning-rod become useless by age,

or the like, and thus coming within the designation of repairs, the burden of proof was upon the plaintiff to show such fact. If the warrant, upon its face, did not appear to be drawn for an improper purpose, the presumption would be that it was properly drawn, and the burden of impeaching it would then be cast upon the defendant. The warrant was, we think, properly rejected as evidence. The plaintiffs did not propose to offer any evidence showing that the defendant had authority to issue it upon the contingent fund. The court, therefore, properly withdrew the cause from the jury, and rendered judgment for the defendant.

AFFIRMED.