Fiske v. School District.

FERDINAND C. FISKE V. SCHOOL DISTRICT OF THE CITY OF LINCOLN.

FILED FEBRUARY 23, 1899. No. 8688.

1. Schools and School Districts: SCHOOLHOUSE: CONTRACTS. A board of education has power to contract with an architect to prepare general drawings and specifications for a schoolhouse, as a preliminary to determining whether a building, and if so what kind, shall be constructed, although for want of funds devoted to building purposes it may at that time have no power to erect the building.

2. ———: ———. Such preliminary steps are not a part of the work of construction.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*Stewart & Munger,* for plaintiff in error:

Defendant's power to contract is not made to depend upon the fact of there being money in the treasury at the time sufficient to liquidate the indebtedness so incurred. (*Police Jury v. Britton,* 15 Wall. [U. S.] 566; *Brenham v. Bank,* 12 Sup. Ct. Rep. 559; *Claiborne County v. Brooks,* 4 Sup. Ct. Rep. 489; *Merrill v. Town of Monticello,* 138 U. S. 673; *Hill v. City of Memphis,* 134 U. S. 198; *Allen v. Intendant,* 89 Ala. 641; *Falout v. City of Indianapolis,* 1 N. E. Rep. [Ind.] 392.)

The architect's services in the preparation of the general drawings and specifications, as a preliminary to deciding on a building, are not a part of the erection of the building. (*Van Dorn v. Mengedoht,* 41 Neb. 525; *Foster v. Tierney,* 91 Ia. 253.)

*Ricketts & Wilson,* contra.

References: *Hunter v. Peters,* 4 Neb. 254; *Harris v. School District,* 8 Fost. [N. H.] 28; *School District v. Stough,* 4 Neb. 360; *School District v. Hamilton County,* 12 Neb. 241; *Gehling v. School District,* 10 Neb. 239; *State v. Sabin,* 39 Neb. 570; *Mizera v. Auten,* 45 Neb. 239; *Nevil v. Clifford,* 24 N. W. Rep. [Wis.] 65; *Brown v. School District,* 10 Atl. Rep. [N. H.] 119; *Appeal of Luberg,* 17 Atl. Rep. [Pa.] 245; *Wheeler v. Alton,* 23 Atl. Rep. [N. H.] 89; *School District v. School District,* 12 Neb. 241; *Tullock v. Webster County,* 46 Neb. 211.

IRVINE, C.

Fiske, an architect, brought this suit against the school district of the city of Lincoln to recover for services in the preparation of certain plans, drawings, and specifications for school buildings. The petition alleged a contract for plans and specifications for three ward buildings and a high school building. It appears from the petition that Fiske had received his pay for his work in connection with the three ward buildings, and the contro-

versy relates only to the plans and specifications for the high school building. A general demurrer to the petition was sustained and the action dismissed.

The petition alleges a contract in the form of a written proposal by plaintiff, and its acceptance. By this proposal plaintiff undertook to furnish architectural services and to take supervision of the work "at following rates: For full professional services (including supervision), 3 per cent upon the cost of work. For partial services as follows: Preliminary studies, 0 per cent; preliminary studies, general drawings, and specifications, 1½ per cent; detail drawings, ½ per cent; supervision, 1 per cent." The proposal also contained the following: "In case of abandonment of the work, the charges to be based on the lowest responsible bid." It is alleged that plans were submitted for a high school building of the estimated cost of $90,000, and were by the board of education accepted; that thereafter the board undertook to erect a cheaper building, and other plans were prepared and accepted for a building of a less cost; that bids were received and a responsible bid made for the sum of $75,515, which was the lowest bid. Recovery was sought for the value of preliminary studies, general drawings, and specifications for the more expensive building, and for preliminary studies, general drawings and specifications, and detail drawings for the cheaper building. It is also charged that all plans were finally abandoned.

In support of the judgment of the district court it is first argued that the contract set out is not a contract with the district, but one with certain persons claiming to be a building committee. It is true that the written acceptance of plaintiff's proposal as pleaded is signed on behalf of the district only by three persons styling themselves a building committee; but it is further alleged that the contract was ratified by the board of education, so that on demurrer the objection made has no force, provided the board of education itself had authority to enter into such a contract. On that question the argu-

ment of defendant in error is based entirely on the assumption that the contract was for a step in the erection of a schoolhouse, and that it falls within the rule of *School District v. Stough,* 4 Neb. 360, and later cases, holding that a school district may contract for the erection of schoolhouses only with regard to funds on hand for that purpose. It is then said that the petition fails to show the possession of funds especially dedicated to building purposes. Plaintiff in error contends that the rule invoked applies only to what he styles "country districts," and that in cities a board of education has wider powers. This question we need not consider. As to a portion at least of the work sued for we are satisfied that it does not fall under the head of construction. The contract was severable in its terms. It contemplated preliminary studies and general drawings and specifications, and also detail drawings and supervision. It contained a method for determining the price in case of abandonment of the scheme. The work of an architect may or may not, according to circumstances, fall under the head of building operations. It is perfectly clear that if a man whose artistic tastes led him toward fondness for architecture should employ an architect to make purely fanciful designs for the gratification of that taste, he would not thereby be indulging in building or in any feature thereof. Again, drawings prepared by an architect for the benefit of an architectural museum or institution of learning and for display there would have nothing to do with actual building. Certain periodicals, for the delectation of their readers, habitually publish elevations and plans of possible houses, and these are presumably prepared by architects, but such an architect, by making such plans for publication, does no work of construction. On the other hand, an architect who prepares plans according to which a building is actually constructed may be said to furnish work in the construction of such building, especially when he superintends the construction. But the preparation of plans is often necessary as a pre-

liminary, merely to assist an owner in determining whether he shall build, and if so, how. While the project remains in this stage the work cannot be said to be of a structural character. In the project of building a schoolhouse the initiative must be taken by the officers of the district, and they must have authority to incur reasonable expense in such initiatory steps. To ascertain what sort of a building is required and its probable cost is one of those steps. If bonds must be authorized, plans which will inform the electors in this matter are almost an essential, certainly a proper, preliminary. It is true that in *Von Dorn v. Mengedoht*, 41 Neb. 525, it was held that an architect who prepares plans and superintends construction furnishes labor in the erection of a building and is entitled to a mechanic's lien therefor; but there the superintendence was emphasized as if an essential element. Perhaps if the building be actually constructed, the drawing of plans then enters into the construction, but this we do not decide. What we hold is that the preparation of plans and specifications, merely in anticipation of erecting a building,—an anticipation which may or may not be realized,—is not essentially a building operation, and may be authorized by a school district even before the actual building could be undertaken. The distinction has been sharply drawn in Pennsylvania, where it is held that an architect who superintends construction may have a mechanic's lien for his work, but that one who merely prepares plans to enable the builder to determine the kind of a building he will erect does no work "for or about the construction of the building," and has, therefore, no lien. (*Bank of Pennsylvania v. Gries*, 35 Pa. St. 423; *Price v. Kirk*, 90 Pa. St. 47.) So in Texas, the architect's fees cannot be considered as a part of the estimate of construction. (*Smith v. Dickey*, 74 Tex. 61.)

Whether, in view of the special provision for ascertaining the price of the services in case of abandonment, the plaintiff would be entitled to anything for the first

set of plans, which were not pursued so far as to obtain bids, we need not, and prefer not, at this time to decide. Whether he was entitled to anything for detail drawings for the second building may perhaps depend upon proof of facts with reference to the profession of which we cannot take notice. It is, however, clear that under the allegations of the petition he could recover at least for the preliminary studies and general drawings for the building for which bids were received. The board had as much authority to contract for such work as it would have to employ some one to draw a proposition looking to a vote for building bonds, or to pay for the advertising of such an election.

REVERSED AND REMANDED.