FERDINAND C. FISKE v. SCHOOL DISTRICT OF THE CITY OF LINCOLN.

FILED OCTOBER 5, 1899.  No. 8,688.

Schools and School Districts: SCHOOLHOUSE: CONTRACTS.  Adherence to views expressed in the former opinion (*Fiske v. School District*, 58 Nebr., 163) announced, the judgment reversed, and the cause remanded.

REHEARING of case reported in 58 Nebr., 163. *Judgment below reversed.*

*Stewart & Munger*, for plaintiff in error.

*Ricketts & Wilson, contra.*

HARRISON, C. J.

In this action the plaintiff sought a recovery for services alleged to have been rendered to the defendant in preparing plans, drawings and specifications for school buildings pursuant to the terms of a contract between the parties.  To the petition filed in the district court a general demurrer was presented, and on hearing sustained and the suit dismissed.  In an error proceeding to this court the matter was submitted, and an opinion was filed February 23 of the current year and the judgment of the trial court was reversed.  The conclusions then announced were as follows:  "1. A board of education has power to contract with an architect to prepare general drawings and specifications for a schoolhouse, as a preliminary to determining whether a building, and, if so, what kind, shall be constructed, although, for want of funds devoted to building purposes, it may at that time

have no power to erect the building. 2. Such preliminary steps are not a part of the work of construction." The opinion is reported in 58 Nebr., 163. On motion a rehearing was allowed, and there has been a second hearing and submission of the cause.

For a statement of the case we refer to the former opinion. It need not be repeated here. It will be noticed that the controverted questions relate mainly, if not entirely, to the right of the plaintiff to recover for preliminary plans, drawings and specifications which were not used or followed in the constructions of any buildings. It is strenuously insisted that the rules announced in the opinions in the cases of *School District v. Stough*, 4 Nebr., 357, *Gehling v. School District No. 56*, 10 Nebr., 239, *School District No. 16 v. School District No. 9*, 12 Nebr., 241, *State v. Sabin*, 39 Nebr., 570, *Mizera v. Auten*, 45 Nebr., 239 and *Andrews v. School District*, 49 Nebr., 420, and the principles underlying them, are governable in the present controversy and fatal to the claims of the plaintiff. It is asserted that the cases cited directly establish, or by fair inference state, that the authority of school district boards or officers to contract in regard to erection of buildings, or any subject which will or does involve the expenditure of money, is limited by statute and must be within the statutory terms; that it must be within the funds provided or on hand to meet the proposed expenditures, and that the party who contracts with the board or officers does so at his peril; and must take notice of its or their requisite authority or the lack thereof. The foregoing cases, all except one, treated of acts of school district boards or officers in regard to school buildings or the furniture therefor, and which acts were clearly without or in excess of authority. The exception is the one reported in 12 Nebr., 241, in which it was held that to state a cause of action against a school district a petition must disclose that the indebtedness declared upon was one which the district could lawfully incur. The projected buildings were never erected, the preliminary plans and

drawings could not be said to be a part of any construction of buildings, and if not, the expense of them was not any part of a building, or necessarily to be paid from a building fund. They were ordered for the use of the district and were necessary, as much so as many other articles or services which come within the general expenses of a school district, and must be paid for, and from the general fund. There is a fund from which all such expenses are paid, and we may call it a "general fund." It is so recognized and designated in the general school law, and payments directed to be made from it. See Compiled Statutes, ch. 79, subdiv. 4, sec. 13. There was a legitimate expense and charge against the district and funds from which it could be properly paid. The facts of this case, as stated in the petition, place it clearly without the direct terms or the principle of the cases cited, to which we have hereinbefore referred. We adhere to the views expressed in the former opinion, and the judgment of the district court must be reversed, and the cause remanded.

REVERSED AND REMANDED.