159 N.W.2d 817 (1968)
183 Neb. 318
Jim CAMPBELL et al., Appellants,
v.
AREA VOCATIONAL TECHNICAL SCHOOL NO. 2 et al., Appellees.
No. 36899.
Supreme Court of Nebraska.
June 21, 1968.
*818 Stevens & Berry, McCook, for appellants.
Maupin, Dent, Kay, Satterfield & Gatz, Donald E. Girard, Gary L. Scritsmier, North Platte, for appellees.
Cline, Williams, Wright, Johnson, Oldfather & Thompson, Lincoln, DeWayne Wolf, Kearney, for amicus curiae.
*819 Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN and NEWTON, JJ.
NEWTON, Justice.
In this action appellants, who are electors and resident taxpayers within the boundaries of Area Vocational Technical School No. 2, seek to have declared unconstitutional the legislative act under which the school is organized and a tax for school purposes levied. The act in question was enacted in 1965 and, since the organization of Area Vocational Technical School No. 2, has been amended in some respects by the 1967 Legislature. It is comprised of sections 79-1445.15 to 79-1445.32, R.R.S.1943, and R.S.Supp., 1967. The trial court found in favor of appellees and dismissed appellants' petition. We affirm the judgment.
Appellants urge that the act contravenes the constitutional guarantee of equal protection as it violates the "one man, one vote" principle in that it does not require apportionment of representation on the governing board on a population basis.
In view of the pronouncements of the United States Supreme Court in such cases as Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, 691, and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed. 2d 506, the "one man, one vote" factor has become an essential element of the representative process and must be enforced. It will be noted, however, that in all instances where the courts have found that this principle was violated, as in the cited cases, neither the governing bodies affected nor their official acts were voided. Rather, the courts have limited judicial intervention by simply commanding a correction of existing unconstitutional practices and leaving the solution to the appropriate legislative bodies.
In the present case, we are unable to agree that section 79-1445.23, R.R.S. 1943, was in violation of the "one man, one vote" principle. In determining the feasibility of the proposed school and whether or not the petition therefor should be approved, the State Board of Vocational Education was required to take into consideration: "(12) Whether the proposed apportionment of the board of trustees would provide satisfactory representation for the entire area; * * *." Section 79-1445.18, R.R.S.1943, it is apparent that the statute contemplated a constitutional distribution of the members of the board of trustees. If, in actual practice, a violation occurred in this respect, an adequate remedy at law was available as indicated by the Baker and Reynolds cases. But, as heretofore pointed out, were we to find the apportionment deficient in such constitutional requirement, we would not be justified in abolishing the board of trustees or in voiding its official acts. The proper remedy would be to require correction in the event any improper apportionment should appear.
It is urged that the act providing for the creation of area vocational technical schools violates the "due process" requirements of the state and federal Constitutions in that it permits the county commissioners of a county to join in the petition for such a school, thereby subjecting the people of the county to an area-wide election on the proposition of organizing a school of this type and binding them by a majority vote of the electors of the included area. The question presented is primarily one of whether sufficient notice and opportunity for hearing is afforded.
The act provides: "The governing boards of any educational service unit, any one or more counties, or any educational service unit and any one or more counties may petition the State Board of Vocational Education for the establishment of an area vocational technical school * * *." The State Board of Vocational Education: "* * * shall set a time and place for public hearing thereon, and shall give notice *820 thereof in writing to each of the governing bodies joining in the petition and shall also cause notice thereof to be published twice, at an interval of one week, in one or more newspapers of general circulation in the area proposed to be included. The last publication to be not less than five nor more than ten days prior the date set for the hearing." Following the hearing, the State Board of Vocational Education is required to determine the feasibility of the proposed school and in making such determination to give consideration to certain factors specifically mentioned in the act and: "Such other pertinent factors as may be developed at the hearing * * *." After the hearing, the State Board of Vocational Education may approve or disapprove the petition, or recommend modifications of the proposal. Upon final approval, if such is forthcoming, the proposition must be submitted to a vote of the electors of the area proposed to be included and majority vote governs.
The act requires a consideration of certain factors by the State Board of Vocational Education, but does not require a finding of any specific fact or facts. It is limited to a determination of the desirability or feasibility of the proposed school. The situation presented is indistinguishable from that found in the case of Nickel v. School Board of Axtell, 157 Neb. 813, 61 N.W.2d 566, wherein it is stated: "Questions of public policy, convenience, and welfare, as related to the creation of municipal corporations, such as counties, cities, villages, school districts, or other subdivisions, or any change in the boundaries thereof, are, in the first instance, of purely legislative cognizance and, when delegated to any public body having legislative power, any action in regard thereto does not come within the due process clause of either the state or federal Constitutions. * * * Under the situation here the duties of the county committee do not fall within the category to which the due process clause of either the state Constitution or the federal Constitution has application." But assuming for the purpose of discussion only, as in the Nickel case, that a hearing and notice are required, such notice and hearing are afforded before approval of the proposed school by the State Board of Vocational Education and a majority vote of the qualified electors of the area included in the proposed school district is required to create such district. It may well be of interest to note that in the Area Vocational Technical Schools Act, the petition for establishment of such a school may only be initiated by the duly elected governing boards of counties or educational units, whereas in the Reorganization of School Districts Act, ss. 79-426.01 to 79-426.26, R.R.S.1943, considered in the Nickel's case, the reorganization program is initiated by the "state committee," an appointive body. We conclude that the act is not in violation of "due process."
Appellants contend that the act is an unconstitutional delegation of the legislative power of taxation to a school board. The act provides for appointment of the members of the governing board of any new school organized under the act, authorizes such board to levy a tax of not to exceed 2 mills, and to certify the same directly to the county treasurers for collection.
Article VIII, section 1, Constitution of Nebraska, provides: "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct." Article I, section 4, Constitution of Nebraska, requires the Legislature: "* * * to encourage schools and the means of instruction." Article VII, section 6, Constitution of Nebraska, states: "The legislature shall provide for the free instruction in the common schools of this state of all persons between the ages of five and twenty-one years." "A school district or other local school organization is a subordinate agency, subdivision, or *821 instrumentality of the state, performing the duties of the state in the conduct and maintenance of the public schools." 78 C.J.S. Schools and School Districts § 24, p. 656. "School districts, like municipal corporations, obtain their franchises from the state and are created for public purposes." Eason v. Majors, 111 Neb. 288, 196 N.W. 133, 30 A.L.R. 1419. "The school district in Nebraska is a unit of local self-government, * * *." Schulz v. Dixon County, 134 Neb. 549, 279 N.W. 179, 119 A.L.R. 1294. A school district is a creation of the Legislature. Its purpose is to fulfill the constitutional duty placed upon the Legislature "to encourage schools and the means of instruction" and it is a governmental subdivision to which authority to levy taxes may properly be delegated under the Constitution.
Appellants insist that section 79-1445.23, R.R.S.1943, as found in the 1965 legislative act, is unconstitutional in that it fails to specify the length of terms to be served by the individuals appointed to the governing board of the school and fails to provide the method of election of their successors. In other words, it is alleged that the statute fails to specify when and how members shall be elected to the governing board to succeed the initially appointed members thereof. It is further said that in view of the unconstitutionality of this section, the governing board appointed in conformity with this section is an unconstitutionally created body and that its act in levying a tax for school purposes is therefore void. It is not necessary to determine at this time whether or not the provisions contained in this section which deal with the election of successors to the original members of the governing board are constitutional. The Legislature has plenary power and control over school districts and complete control over their organization, function, and finances. See, Galstan v. School Dist. of City of Omaha, 177 Neb. 319, 128 N.W.2d 790; Ratigan v. Davis, 175 Neb. 416, 122 N.W.2d 12. In the same manner the Legislature may determine and provide for the appointment or election of the governing bodies of school districts. It is within the power of the Legislature to provide for the administration of school districts by appointive rather than elective boards and to authorize such an appointive board to levy taxes. This is invariably done where new districts are created and is a well-established form of procedure. The levying of taxes by such a body is not subject to challenge as "taxation without representation." This point was raised in the case of Ratigan v. Davis, supra, wherein the court said: "Maxims of government, not contained in the Constitution, are given a very restricted meaning." The court further stated: "It seems clear * * * since plaintiffs were represented in the Legislature that enacted the law, that they had the representation required by the maxim of no taxation without representation." It is apparent that the Legislature properly provided for the appointment of the original governing board of the school. This provision clearly does not constitute an unconstitutional delegation of the legislative power and cannot be affected by the proper or improper means adopted for selecting their successors. The fact remains that the appointive board was properly created and had the authority to levy the tax provided by statute for school purposes.
Finally, appellants contend that the act is unconstitutional in that it fails to provide for limitations, standards, or rules of guidance with reference to the power of the State Board of Vocational Education to promulgate rules and regulations. Section 79-1421, R.R.S.1943, provides that the State Board of Education shall also be the State Board of Vocational Education. The rule-making authority of this body and the broad powers vested in the Legislature to delegate such rule-making power to this board are adequately specified *822 in the case of School Dist. No. 8, etc., v. State Board of Education, 176 Neb. 722, 127 N.W.2d 458. We find this contention to be without merit.
The judgment of the trial court is affirmed.
Affirmed.