LEONARD LAWRENCE, APPELLANT, V. ALLEN BEERMANN, AS SECRETARY OF STATE OF NEBRASKA, ET AL., APPELLEES.

222 N. W. 2d 809

Filed October 28, 1974. No. 39797.

L. Bruce Wright of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

This matter comes on for hearing before this court on an appeal from the District Court's judgment and order dismissing the plaintiff's petition for an injunction to prevent the Secretary of State from placing on the November 1974 general election ballot a referendum for a vote by the people of Laws 1974, Legislative Bill 772. Briefs of counsel have been filed and oral argument by counsel was heard by the court on October 28, 1974, and the cause stands submitted to the court. On consideration thereof the court finds and determines as follows:

I

That Article III, section 3, of the Constitution of Nebraska, provides: "The second power reserved is the referendum which may be invoked, by petition, against any act or part of an act of the Legislature, except those making appropriations for the expense of the state government or a state institution existing at the time of the passage of such act."

II

That by its terms, Legislative Bill 772 does not be-

come operative until September 1, 1976. Section 3, Legislative Bill 772, provides that: "There is hereby established in the state treasury a fund to be known as the Public School Support Trust Fund into which shall be placed such funds as are required to be deposited therein under the provisions of this act."

The court finds and determines that Legislative Bill 772 is not an appropriation bill within the meaning of Article III, section 3, of the Constitution of Nebraska. Legislative Bill 772 does not appropriate or set apart from the public revenue a certain sum of money and is not a specific appropriation, as required by our Constitution, but on the other hand sets up a new scheme for local public school district taxation and financing. Our decisions in these matters are clear that such an act does not constitute an appropriation measure, within the meaning of the Constitution. Stahmer v. State, *ante* p. 63, 218 N. W. 2d 893; Rein v. Johnson, 149 Neb. 67, 30 N. W. 2d 548; State ex rel. Norfolk Beet-Sugar Co. v. Moore, 50 Neb. 88, 69 N. W. 373. It appears on the face of Legislative Bill 772 that no appropriation in the constitutional sense was intended because the act, by its terms, sets up a funding provision, providing for contributions, and provides that the act shall not become operative until September 1, 1976.

III

Constitutional provisions with respect to the right of initiative and referendum reserved to the people should be construed to make effective the powers reserved. State ex rel. Morris v. Marsh, 183 Neb. 502, 162 N. W. 2d 262; State ex rel. Ayres v. Amsberry, 104 Neb. 273, 177 N. W. 179; Klosterman v. Marsh, 180 Neb. 506, 143 N. W. 2d 744. It is fundamental that such an exception with respect to appropriations should be given a strict construction in light of the fundamental purpose of the referendum provision to give the people the right to vote on specific legislation. Generally, the excep-

tion should be and must be construed to mean the ordinary running expenses of the state government and existing state institutions, and not to include money or appropriations or funds created or acts which have as their design a new or different scheme for the revenue raising and financing of state delegated and created local units of self-government. See Bartling v. Wait, 96 Neb. 532, 148 N. W. 507.

The referral of Legislative Bill 772 to a vote of the people will in no way jeopardize the state's continuous compliance with the constitutional requirement of providing free instruction in the common schools. It is clear that if the measure is defeated by a vote of the people free instruction will continue as provided by the preexisting legislation and the taxation and revenue producing scheme under the previously existing law. Again, this is not a case of the defeat of an appropriation for a specific sum of money that would destroy the operation of the fundamental functions of state government or existing state institutions.

### IV

The court notes other arguments and contentions of counsel but deems it unnecessary, in the light of the necessity for a prompt decision in this case, to discuss these issues in this opinion.

### V

The judgment and order of the District Court denying plaintiff's request for a permanent injunction enjoining defendant Beermann from placing and certifying the referendum measure on Legislative Bill 772 on the official ballot in the general election of November 5, 1974, and in dismissing the plaintiff's petition, is affirmed.

AFFIRMED.

NEWTON, J., concurring.

I agree with and concur in the Per Curiam opinion adopted by the court; however, I wish to point out

that under the legislative implementation of the constitutional command to provide for the common schools, local school districts are not part of state government nor are they state institutions within the meaning of the language of Article III, section 3, of the Constitution of Nebraska.

Local school districts in Nebraska are units of local self-government. Campbell v. Area Vocational Technical School No. 2, 183 Neb. 318, 159 N. W. 2d 817; Schulz v. Dixon County, 134 Neb. 549, 279 N. W. 179. Our decisions in this area are clear to the effect that the mere fact that a state has some supervisory control over institutions that the Legislature has created does not mean that such institutions are part of "state government" or are "state institutions" under Article III, section 3, of the Constitution of Nebraska.

SPENCER, J., joins in this concurrence.