SAMUEL I. GEORGE, APPELLANT, V.
BOARD OF EDUCATION OF
SCHOOL DISTRICT NO. 5,
CITY OF ORD, NEBRASKA, ET AL., APPELLEES.

313 N.W.2d 259

Filed December 11, 1981. No. 43560.

Weems & Sikyta, P.C., Law Offices of L. W. Cronk of Counsel for appellant.

Baird, Holm, McEachen, Pedersen, Hamann & Haggart for appellee Ord School Dist. Building Corp.

Stowell & Jensen, P.C., for appellee Board of Education.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

BOSLAUGH, J.

The plaintiff is a resident and taxpayer of School District No. 5 in the city of Ord, Nebraska. He commenced this action to enjoin and prevent the defendant Board of Education of the school district from proceeding with a plan to construct an addition to the high school building of the district which was to be financed through a lease-purchase plan. The petition was later amended to include a prayer for declaratory relief.

After an evidentiary hearing, the trial court dissolved the temporary injunction which had been granted and dismissed the petition. The plaintiff has appealed.

Although the plaintiff has made numerous assignments of error, the controlling issues all relate to the question of whether the defendant was authorized to finance the building addition by the lease-purchase method.

The plaintiff's first contention is that a school district has no power to issue bonds without a vote of the electorate or cause a corporation to be formed to issue bonds. The important fact in this regard is that the defendant district has issued no bonds. It has entered into a contract with the Ord School District Building Corporation, a not-for-profit corporation, in which the district has leased the addition to its building for a term of 5 years. At the end of the term the building is to be donated to the district.

The district is authorized to enter into such a contract by Neb. Rev. Stat. § 79-4,154 (Reissue 1976) which provides as follows: "The governing board of any public school district, area vocational technical college or junior college may enter into a lease or lease-purchase agreement for the exclusive use of their individual jurisdictions for such buildings or equipment as the governing board determines necessary. Such lease or lease-purchase agreements may not exceed a period of five years. All payments pursuant to such leases shall be made from current building funds or general funds."

Under § 79-4,154 there is no restriction as to who the lessor may be under such a contract. To minimize the cost of financing the construction of the building addition, the building corporation was organized, and it issued and sold bonds to provide the necessary financing. Neb. Rev. Stat. § 21-1903 (Reissue 1977) authorizes the organization of corporations for that purpose. It provides as follows: "Corporations may be organized under the provisions of sections 21-1901 to 21-1991 for any lawful purpose or purposes, including, without

being limited to, any one or more of the following purposes: Charitable; benevolent, eleemosynary; educational; civic, patriotic, political; religious; social; fraternal; literary; cultural; athletic; scientific; agricultural; horticultural; animal husbandry; and professional, commercial, industrial, or trade association.

"Corporations may be organized under the provisions of sections 21-1901 to 21-1991 for the purpose of providing for, erecting, owning, leasing, furnishing and managing any building, hall, dormitory or apartments, lands or grounds for the use or benefit in whole or in part of any governmental, religious, social, educational, scientific, fraternal or charitable society or societies, body or bodies, institution or institutions, incorporated or unincorporated, or for the purpose of holding property of any nature in trust for such society, body, or institution or for the purpose of assisting any governmental body in obtaining grants from the federal government, the performance of any requirements necessary to obtain a federal grant or carrying out the purpose for which a federal grant is obtained. Such corporations, as to the ownership and taxation of their property, shall have all the rights, privileges, and exemptions of the body, society or institution for whose use or benefit or for whom in trust said property is held."

The plaintiff contends that the "corporate fiction" should be disregarded and the acts of the building corporation be considered to be the acts of the defendant district. The problem in that regard is that corporate identity is disregarded only where the corporation has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another. As a general rule a corporation will be considered to be a legal entity unless it has been "used to defeat public convenience, justify wrong, protect fraud, or defend crime." *Massachusetts Bonding & Ins. Co. v. Master Laboratories*, 143 Neb. 617, 10 N.W.2d 501

(1943). See, also, W. Fletcher, Cyclopedia of the Law of Private Corporations § 41 (rev. perm. ed. 1974). None of these elements are present in this case, and the plaintiff's contention is without merit.

The plaintiff seems to argue that there is some overriding policy which prevents a school district from obligating itself in any way in regard to school buildings and facilities without a vote of the electors. We have said many times that the Legislature has plenary authority over school districts, limited only by the provisions of the Constitution. This authority extends to the purchase and acquisition of school buildings and facilities.

In *Banks v. Board of Education of Chase County*, 202 Neb. 717, 277 N.W.2d 76 (1979), we pointed out there was no constitutional requirement that construction or purchases be financed by district bonds. We said at 721, 277 N.W.2d at 79: "'There has never, so far as the Court could find, been a constitutional restriction requiring construction or purchases by bonded debt.'" The method used by the defendant district in this case has been specifically authorized by the Legislature.

We have examined the other assignments of error and concluded they are without merit.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.

CLINTON, J., concurring in the result only.

I concur in the result only. I disagee with the rationale by which the majority reaches the result.

Neb. Rev. Stat. § 21-1903 (Reissue 1977) does not grant power to school districts to organize nonprofit corporations. School districts, like other subdivisions of government, have only the powers granted them by statute and those implicitly necessary to carry out the powers specifically granted. Section 21-1903 simply describes the kinds of corporations which may be organized by those empowered to create them. The

record makes it clear that the corporation was created by persons who were acting on behalf of the school district. It was thus a creation of the school district and its unlawful creation. The corporation issued bonds which the school district was not authorized to issue without approval of the electors.

The school district, however, did have statutory power to enter into a lease-purchase agreement. It did have statutory power to levy the tax to pay for the lease-purchase agreement.

Injunctive relief is a discretionary remedy. In this case, despite the partial illegal form of the transaction, the taxpayers suffered no harm. If there is no harm, then no injunctive or other relief need be granted.