C.R. FOREE, APPELLANT, v. SCHOOL DISTRICT NO. 7 OF HOLT COUNTY, NEBRASKA, APPELLEE.

493 N.W.2d 625

Filed January 8, 1993.   No. S-90-670.

John W. DeCamp and Stanford L. Sipple, of DeCamp Legal Services, P.C., for appellant.

John P. Heitz, of Cronin, Symonds & Heitz, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, School District No. 7 of Holt County, Nebraska, is a Class III school district. The plaintiff, C.R. Foree, is an elector, resident, and taxpayer within the school district. On August 16, 1989, the defendant entered into an "Equipment Lease/Purchase Agreement" with the Maryland National lease corporation for the lease/purchase of eight modular homes for use as classrooms by the defendant. This action, which was commenced on August 21, 1989, was brought to enjoin the defendant from performing the lease-purchase agreement.

The trial court found that the agreement was valid and dismissed the petition. From that judgment the plaintiff has appealed. The plaintiff's assignments of error allege generally that the trial court erred in finding that the lease-purchase agreement is valid under Neb. Rev. Stat. § 79-4,154 (Cum. Supp. 1992).

The lease-purchase agreement involves a 4-year lease and the payment of principal and interest amounting to $303,599. If funds are not available for the rental payments during any school year of the defendant, the defendant may terminate the lease.

The schedule of payments under the lease-purchase agreement requires the first monthly lease payment to be paid on or before September 15, 1989, with the total of payments for the period from September 1, 1989, through August 31, 1990, being $84,800.

Section 79-4,154 was first adopted in 1971. In 1985, it was amended to increase the permissible period of the lease from 5 years to 7 years and to remove the words applying the statute to vocational schools and junior colleges. Except for those changes, the first three sentences of the statute have remained essentially the same since 1971. They are:

> The governing board of any public school may enter into a lease or lease-purchase agreement for the exclusive

use of its individual jurisdiction for such buildings or equipment as the governing board determines necessary. Such lease or lease-purchase agreements may not exceed a period of seven years. All payments pursuant to such leases shall be made from current building funds or general funds.

§ 79-4,154 (Cum. Supp. 1992).

In 1985, L.B. 633 added to § 79-4,154 a sentence which provides: "No school district shall directly or indirectly issue bonds to fund any such lease-purchase plan for a capital construction project exceeding twenty-five thousand dollars in costs unless it first obtains a favorable vote of the electorate pursuant to Chapter 10, article 7."

In 1988, L.B. 435 further amended the statute by adding the following sentence: "Nothing in this section shall prevent the governing board of any public school district from refinancing a lease or lease-purchase agreement without a vote of the electorate for the purpose of lowering finance costs regardless of whether such agreement was entered into prior to July 9, 1988."

In *George v. Board of Education*, 210 Neb. 127, 313 N.W.2d 259 (1981), the Ord School District had entered into a lease-purchase agreement with the Ord School District Building Corporation to lease an addition to its building for a term of 5 years, with the building being donated to the school district at the end of the lease term. The building corporation had issued bonds to provide the necessary financing for the building addition. The district court refused to enjoin the school district from proceeding with its lease-purchase agreement, and this court affirmed that judgment.

In *George*, the plaintiff contended that the school district could not issue bonds without a vote of the electorate or cause a corporation to be formed to issue bonds. We noted that the school district had not issued any bonds and that it was not inappropriate for a corporation formed by the school district to issue bonds. We also noted that the Legislature had specifically authorized the defendant to acquire facilities by this method.

The plaintiff's principal contention seems to be that the provision requiring a favorable vote of the electorate for a

direct or indirect issue of bonds to fund a lease-purchase agreement for a capital construction project exceeding $25,000 prohibits the defendant from entering into its lease-purchase agreement for the modular units. The plaintiff contends that the 1985 amendment to § 79-4,154 which added the requirement of a vote was the Legislature's response to this court's opinion in *George v. Board of Education, supra.*

While the Legislature's amendment to § 79-4,154 in 1985 may have been in response to the *George* decision, it is clear that § 79-4,154 still authorizes school districts to acquire buildings or equipment through lease-purchase agreements. See *George v. Board of Education, supra.*

In the present case, no bonds were issued directly or indirectly by any party in order to fund the modular units. Furthermore, the defendants are not required to finance the lease/purchase of the modular units by bonds. See *id.*

The plaintiff's other contentions in regard to budgeting and the construction of supporting structures are also without merit. The record shows that the necessary funds for the lease payments were properly budgeted and that there is no evidence relating to future expenditures for construction of supporting structures.

The judgment of the district court is affirmed.

AFFIRMED.